# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 10-cr-00296-DME-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BYRON VENTURA-PEREZ, also known as Byron Espino,

        Defendant.

## ORDER DENYING DEFENDANT'S PRO SE MOTION FOR NEW APPOINTED COUNSEL

        During a hearing conducted by the Court on July 27, 2010, Defendant Byron Ventura-Perez, although represented by counsel, made a pro se oral motion for the appointment of new counsel. At that time, Ventura-Perez represented to the Court that he had tried to file with the Court a written pro se motion making this request, but the Court has never received that motion. The Court afforded Ventura-Perez an opportunity to present his request for new counsel at the hearing.

        Ventura-Perez asserted two grounds in support of his request that the Court appoint a new defense attorney. First, Ventura-Perez indicated that his current attorney had failed to return Ventura-Perez' telephone calls. But defense counsel did represent to the Court that he and Ventura-Perez had communicated about his case on a number of occasions during the six and one-half weeks that he had represented Ventura-Perez.

Those communications included counsel visiting with Ventura-Perez three to four times in jail and speaking to Ventura-Perez by phone on another two or three occasions. During at least one of those jail visits, counsel, who speaks Spanish, was accompanied by a Spanish-speaking interpreter to facilitate communication with the Spanish-speaking Ventura-Perez.

Ventura-Perez' second reason for wanting a new attorney is that current defense counsel brings him "only bad news." That is not a sufficient justification to warrant appointing another attorney.

This is particularly true where, as here, the request for newly appointed counsel was made so close to the trial date. Trial was originally set to begin on August 2, 2010. (Doc. 12.) The Court, on July 20, granted Ventura-Perez' motion for a continuance based upon the good-faith representations that his family was about to retain private counsel to represent him. (Doc. 14.) The next day, the Government requested (Doc. 15), and the Court granted (Doc. 16), a hearing regarding the continuance. In granting that hearing, the Court informed the parties on July 21 that it was considering reinstating the August 2, 2010, trial date. (Doc. 16.) At the hearing on July 27, Ventura-Perez indicated his family's efforts to hire private counsel for him had been unsuccessful and Ventura-Perez then, for the first time, asked the Court to appoint new counsel.

The Court further notes that any communication difficulties that Ventura-Perez had with his attorney were due, at least in part, to Ventura-Perez's good-faith belief that his family would be able to retain private counsel to represent him and, thus, that it was

not imperative to discuss his case with existing appointed counsel. That good-faith misconception has now been dispelled.

Having been given an opportunity to explain the reasons why he wanted a new attorney, and Ventura-Perez not offering any reason other than the two addressed above, the Court DENIES his oral motion for appointment of new appointed counsel.

DONE AND SIGNED this ___29th___ day of ___July___, 2010.

BY THE COURT:

*s/ David M. Ebel*
U. S. Circuit Court Judge