# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 10-cr-00296-DME-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BYRON VENTURA-PEREZ, also known as Byron Espino,

        Defendant.

## ORDER VACATING COURT'S PRIOR ORDER CONTINUING TRIAL AND ENTERING NEW ORDER GRANTING ENDS-OF-JUSTICE CONTINUANCE

        The Court having previously entered an order granting Defendant Byron Ventura-Perez' motion for an ends-of-justice continuance (doc. 14), this matter now comes before the Court on the Government's "motion for hearing to supplement findings/record regarding Defendant's motion to continue trial and Court's order thereon." (Doc. 15.) The Court granted that motion, conducted a hearing and now vacates its previous order continuing the trial date (Doc. 14). The Court enters this order in its place, excluding thirty days from the Speedy Trial Act calculations based upon the Act's ends-of-justice provision, see 18 U.S.C. § 3161(h)(7). The Court does so for the following reasons:

        Trial was scheduled to begin in this matter on August 2, 2010. (Doc. 12.) However, on July 19, 2010, Ventura-Perez' appointed counsel represented to the Court in a written motion that Ventura-Perez was at that time actively seeking to retain a new

attorney to represent him in this case. (Doc. 13 at 1-2.) Based upon that representation, Ventura-Perez asked for a sixty-day ends-of-justice continuance (Doc. 13), which this Court granted in its prior order (Doc. 14). During the hearing addressing the Government's "motion for hearing to supplement findings/record regarding Defendant's motion to continue trial and Court's order thereon" (Doc. 15), Ventura-Perez indicated that his efforts to retain private counsel had been unsuccessful. Ventura-Perez then made a pro se oral motion for the Court to appoint a new attorney, which the Court denied.

Current defense counsel then represented to the Court that he required additional time to prepare for trial because he had not discussed the case fully with Ventura-Perez, in light of Ventura-Perez' good faith representation to defense counsel that Ventura-Perez had retained private counsel who would soon enter an appearance in this matter on Ventura-Perez' behalf. Defense counsel further represented that he also needed additional time to prepare for trial because counsel had previously had difficulty explaining the federal justice system generally to Ventura-Perez, as well as difficulty explaining the specific issues, including possible sentencing matters, involved in his case.

After inquiring at the hearing of both defense counsel and Ventura-Perez, the Court finds that any communications difficulty was not the fault of defense counsel. Counsel has made diligent efforts to contact Ventura-Perez, including seeing him three to four times in jail (at least once taking a Spanish language interpreter to facilitate communications with the Spanish-speaking Ventura-Perez and enhance defense counsel's own Spanish-speaking skills), and communicating with Ventura-Perez by phone on two or three other occasions. Nor can any communications difficulty be blamed on Ventura-

Perez,' in light of his sincere confusion over the workings of the federal criminal justice system and especially the application of the sentencing guidelines to his case. In addition, the Court finds that Ventura-Perez has not abused the process of the court in delaying trial; rather, he held good-faith, but mistaken, beliefs that his family would be able to hire privately retained counsel for him and that he otherwise had grounds to request another court-appointed attorney.

Based upon current defense counsel's representations and Ventura-Perez' own statements to the Court, the Court concludes that, under these circumstances, excluding thirty days from the Speedy Trial Act calculation serves "the ends of justice" and "outweigh[s] the best interests of the public and the defendant [Ventura-Perez] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court further concludes that, without this thirty-day continuance, any trial would "likely . . . result in a miscarriage of justice," and "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" of Ventura-Perez' defense, "taking into the exercise of due diligence." Id. § 3161(h)(7)(B)(i), (iv). The Court further notes that excluding thirty days from the speedy trial calculations will also facilitate plea negotiations, should the parties choose to engage in such negotiations. Cf. United States v. Cano-Silva, 402 F.3d 1031, 1034 (10th Cir. 2005) (noting that, while "[p]eriods of time devoted to negotiating plea agreements are not explicitly excluded from" Speedy Trial Act calculations, "such delays may be excluded if the court determines that the ends of justice served by granting a continuance and excluding the time from calculation outweigh the best interest of the public and the defendant in a speedy trial") (quotation, alteration omitted).

The Court therefore GRANTS the Government's motion for a hearing (Doc. 15) and VACATES its prior order entered July 20, 2010 (Doc. 14). Further, the Court excludes thirty days from the Speedy Trial Act calculations under the Act's ends-of-justice provision.

DATED: July  29th , 2010.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
United States Circuit Judge